16 CV 01925 (LTS-SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL PEDICABS, LLC and BOURAMA
CAMERA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, MAYOR WILLIAM DE
BLASIO, in his official and individual capacities, THE
DEPARTMENT OF CONSUMER AFFAIRS,
DEPARTMENT OF CONSUMER AFFAIRS
COMMISSIONER JULIE MENIN, in her official and
individual capacities, THE NEW YORK CITY PARKS
DEPARTMENT, NEW YORK CITY PARKS
DEPARTMENT COMMISSIONER MITCHELL
SILVER, in his individual and official capacities, THE
NEW YORK POLICE DEPARTMENT, NEW YORK
POLICE DEPARTMENT COMMISSIONER WILLIAM
BRATTON, in his official and individual capacities,
DCA INSPECTOR ALEXANDER GERSHKOVICH,
and POLICE or PARKS ENFORCEMENT OFFICERS
and/or DCA INSPECTORS JOHN DOES and JANE
DOES in their individual capacities,

Defendants.

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kerri Devine*
*Tel: (212) 356-2214*
*Matter No.: 2016-007954*

**TABLE OF CONTENTS**

                                                                                       **Page**

PRELIMINARY STATEMENT ........................................................................................2

CERTIFICATION OF BEST EFFORTS TO RESOLVE................................................3

ARGUMENT..................................................................................................................4

STANDARD OF REVIEW ............................................................................................4

POINT I

                    PLAINTIFFS' FOURTH AMENDMENT CLAIMS MUST
                    BE DISMISSED ......................................................................................5

POINT II

                    PLAINTIFFS' FOURTEENTH AMENDMENT CLAIMS
                    MUST BE DISMISSED ...........................................................................7

POINT III

                    PLAINTIFFS' MUNICIPAL LIABILITY CLAIMS FAIL....................................9

POINT IV

                    THE AMENDED COMPLAINT FAILS TO STATE A
                    CLAIM AGAINST DE BLASIO, MENIN, SILVER AND
                    BRATTON IN THEIR OFFICIAL CAPACITIES .............................................12

POINT V

                    PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AGAINST ALL
                    OF THE DEFENDANTS NAMED IN THEIR
                    INDIVIDUAL CAPACITIES MUST BE DISMISSED
                    BECAUSE THEY FAIL TO SUFFICIENTLY ALLEGE
                    THEIR PERSONAL INVOLVEMENT...............................................................12

                    A.   Plaintiffs fail to state a claim against de Blasio,
                            Menin, Silver and Bratton.......................................................13

                    B.   Plaintiffs fail to state a claim against Inspector
                              Gershkovich...............................................................................15

**Page**

POINT VI

      DEFENDANT GERSHKOVICH IS ENTITLED TO
      QUALIFIED IMMUNITY ..................................................................15

POINT VII

      THE AMENDED COMPLAINT FAILS TO STATE A
      CLAIM AGAINST THE DEPARTMENT OF
      CONSUMER AFFAIRS, THE NEW YORK CITY
      PARKS DEPARTMENT AND THE NEW YORK CITY
      POLICE DEPARTMENT ..................................................................17

POINT VIII

      THE COMPLAINT IS, IN PART, TIME-BARRED ...........................17

POINT IX

      THE COURT SHOULD DECLINE TO EXERCISE
      JURISDICTION OVER PLAINTIFFS' STATE LAW
      CLAIMS .......................................................................................18

POINT X

      PLAINTIFFS' CHALLENGE TO THE "REGULATION
      OF PEDICABS" MUST BE DISMISSED..........................................18

CONCLUSION.................................................................................................20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
CAPITOL PEDICABS, LLC and BOURAMA CAMERA,

                                  Plaintiffs,         16 CV 01925 (LTS-SN)

              -against-                         (filed by ECF)

THE CITY OF NEW YORK, MAYOR WILLIAM DE
BLASIO, in his official and individual capacities, THE
DEPARTMENT OF CONSUMER AFFAIRS,
DEPARTMENT OF CONSUMER AFFAIRS
COMMISSIONER JULIE MENIN, in her official and
individual capacities, THE NEW YORK CITY PARKS
DEPARTMENT, NEW YORK CITY PARKS
DEPARTMENT COMMISSIONER MITCHELL SILVER,
in his individual and official capacities, THE NEW YORK
POLICE DEPARTMENT, NEW YORK POLICE
DEPARTMENT COMMISSIONER WILLIAM
BRATTON, in his official and individual capacities, DCA
INSPECTOR ALEXANDER GERSHKOVICH, and
POLICE or PARKS ENFORCEMENT OFFICERS and/or
DCA INSPECTORS JOHN DOES and JANE DOES in
their individual capacities,

                                   Defendants.
-------------------------------------------------------------------- x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

        Defendants[1], The City of New York (hereinafter "the City"), Mayor Bill de

Blasio,[2] the Department of Consumer Affairs (hereinafter "DCA"), DCA Commissioner Julie

Menin,[3] the New York City Parks Department (hereinafter "Parks Department"), Parks

---

[1] As of the date of this Motion, William Bratton has not been served and he is no longer the NYPD Commissioner.

[2] The Complaint mistakenly names the Mayor as "William De Blasio," however, his correct name is "Bill de Blasio."

[3] Julie Menin is no longer the Commissioner of DCA.

Department Commissioner Mitchell Silver, the New York Police Department (hereinafter "NYPD"), DCA Inspector Alexander Gershkovich (collectively "City Defendants"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, submit this memorandum of law in support of their motion to dismiss the Amended Complaint[4] (attached as Exhibit "B" to the Declaration of Kerri A. Devine dated October 12, 2016 submitted herewith[5]) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rule 12(b)(6)").

## PRELIMINARY STATEMENT

Plaintiffs, Capitol Pedicabs, LLC and Bourama Camera, bring this action pursuant to 42 U.S.C. § 1983 against the City Defendants and Police or Parks Enforcement Officers and/or DCA Inspectors John Does and Jane Does[6].

Plaintiffs allege in their Amended Complaint that City Defendants have violated Plaintiffs' Fourth and Fourteenth Amendment rights by stopping pedicabs without reasonable articulable suspicion and pursuant to policies, practices and/or customs devised by the City, de Blasio, Bratton, Menin and Silver and that the City, de Blasio, Bratton, Menin and Silver have acted with deliberate indifference to the constitutional rights of the pedicab drivers and pedicab business owners by: (a) failing to properly screen, train, and supervise Officers, (b) inadequately monitoring Officers and their practices in stopping and ticketing pedicab drivers, (c) failing to

---

[4] Pursuant to a Stipulation entered into between the parties on June 29, 2016, Plaintiffs served an amended Complaint dated July 5, 2016 on the City Defendants (hereinafter "Amended Complaint.")

[5] All exhibits referenced herein are attached to the Declaration of Kerri A. Devine dated October 12, 2016 submitted herewith.

[6] As of the date of this Motion, Police or Parks Enforcement Officers and/or DCA Inspectors John Does and Jane Does have not been identified and in any event, there are no facts alleged in Continued…

sufficiently discipline Officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the Officers' unconstitutional practices.

While the Amended Complaint is largely lacking in factual specifics, it appears that Plaintiffs are challenging the stopping of Plaintiffs' pedicabs pursuant to safety checkpoints set up for routine compliance inspections of pedicabs conducted by DCA Inspectors, NYPD Officers and Parks Department personnel.

As set forth in detail below, City Defendants move pursuant to Rule 12(b)(6) to dismiss the Amended Complaint in its entirety, and with prejudice, on the ground that: (1) Plaintiffs have failed to sufficiently plead a claim for violation of their Fourth Amendment rights, (2) Plaintiffs have failed to sufficiently plead a claim for violation of their Fourteenth Amendment rights, (3) Plaintiffs cannot establish a claim for municipal liability, (4) Plaintiffs have failed to state a claim for supervisory liability as a matter of law, (5) Plaintiffs have failed to allege the personal involvement of the individual Defendants, (6) Defendant Gershkovich is entitle to qualified immunity, (7) DCA, the Parks Department and NYPD are not suable entities, (8) the Amended Complaint, is in part, time-barred, and (9) Plaintiffs fail to state a claim that the regulation of pedicabs violates state law.

## CERTIFICATION OF BEST EFFORTS TO RESOLVE

By letter dated June 3, 2016, in accordance with Section A(2)(b)(i)(A) of Judge Laura Taylor Swain's Individual Practices, City Defendants notified Plaintiffs of the their intention to move to dismiss the Complaint (Exhibit "C") in this action pursuant to Rule 12(b)(6) and outlined City Defendants' legal and factual positions on the matter. Pursuant to a Stipulation

the Amended Complaint regarding the specific involvement of said officers and inspectors and thus the Amended Complaint fails to state a claim as to them.

3

entered into between the parties on June 29, 2016, signed by Judge Swain, Plaintiffs served the Amended Complaint, dated July 5, 2016, on City Defendants, with the exception of William Bratton, and City Defendants sent another letter informing Plaintiffs of City Defendants' intention to move to dismiss the Amended Complaint pursuant to Rule 12(b)(6).  On September 12, 2016, Plaintiffs sent a letter to City Defendants stating that they believe they plead, "ample facts to meet the pleading requirements set forth in Rule 8(a)" and outlining their legal and factual positions.  City Defendants now move to dismiss the Amended Complaint.

## ARGUMENT

### STANDARD OF REVIEW

A pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In other words, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While [Bell Atlantic] does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible.").  A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief.  See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009).

In deciding a motion to dismiss, a court will consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial

4

notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)); see also, Abdul-Rahman v. The City of New York, 10 Civ. 2778 (ILG) (RML), 2012 U.S. Dist. LEXIS 45653, *6-7 (E.D.N.Y. Mar. 27, 2012) (quoting Sira, 380 F.3d at 67). Additionally, "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. Vasquez v. City of New York, 99 Civ. 4606 (DC), 2000 U.S. Dist LEXIS 8887, at *3, n. 1 (S.D.N.Y. June 29, 2000) (citations omitted); see also, Abdul-Rahman, 2012 U.S. Dist. LEXIS 45653, *6-10 (internal citations omitted). Finally, "courts routinely take judicial notice of documents filed in other courts,…not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); see also, Nealy v. Berger, 08 CV 1322 (JFB), 2009 U.S. Dist. LEXIS 20939, at *6, n. 3 (E.D.N.Y. Mar. 16, 2009) (taking judicial notice of court filings).

## POINT I

### PLAINTIFFS' FOURTH AMENDMENT CLAIMS MUST BE DISMISSED

Plaintiffs fail to sufficiently plead a claim for a violation of their Fourth Amendment rights. Despite the conclusory allegations throughout the Amended Complaint that unreasonable, unconstitutional stops of pedicabs are "rampant" in New York City, the Amended Complaint is completely lacking in any factual content of any such stops. Of the seventy-one paragraphs in the Amended Complaint, only paragraphs 45 and 46 appear to marginally address

a specific stop of a pedicab.  At paragraphs 45 and 46 of the First Amended Complaint, however, Plaintiffs merely refer to a hearing held on a notice of hearing issued to Plaintiff Bourama Camera in which the issuing inspector, Defendant Alexander Gershkovich, testified that he was instructed to "stop all pedicabs."  The facts surrounding the actual stop are entirely omitted. (Exhibit "B.")

Beyond those allegations in paragraphs 45 and 46, the Amended Complaint contains only general, conclusory assertions that pedicabs have been stopped without reasonable suspicion and probable cause.  See ¶¶ 3, 17, 19, 26, 41, 42 of Exhibit "B."  Such bald assertions are insufficient to satisfy the requirements of Iqbal and Twombly and accordingly, the Plaintiffs' Fourth Amendment claims must be dismissed.

In support of their claimed constitutional violation of their Fourth Amendment rights, Plaintiffs rely almost entirely on the fact that at the administrative hearing concerning the notice of hearing that Inspector Gershkovich issued to Plaintiff Camera on September 14, 2013 (hereinafter "administrative hearing"), Inspector Gershkovich testified that, "he was instructed by his supervisor to 'stop all pedicabs.'"  Exhibit "B" at ¶ 45.  The transcript from said hearing reveals that on September 14, 2013, checkpoints were set up at several locations in Central Park at which DCA Inspectors, Parks Department Personnel and NYPD Officers were conducting compliance inspections of pedicabs.  See Transcript of hearing held on April 21, 2014 (Exhibit "A") (hereinafter "Transcript") at pp. 25, 38, 39-40.  Inspector Gershkovich testified that on that day they were instructed to stop all pedicabs.  Exhibit "A" at pp. 69-70.  He testified that he worked with Parks Department personnel at the checkpoint and that the Parks Department personnel stopped the pedicabs and he conducted the inspections.  Exhibit "A" at p. 26- 27. Since, understandably, Inspector Gershkovich and the Parks Department personnel he was

working with could not stop every pedicab, he testified that they stopped as many as they could and that the ones they were unable to stop were stopped at other inspection locations.  Exhibit "A" at pp. 33-34, 42.  To keep track of which pedicabs had been inspected, every pedicab stopped pursuant to the compliance inspection was issued either a notice of hearing or a certificate of inspection.  Exhibit "A" at p. 34.

Thus, that single allegation relied on by Plaintiffs in which it is alleged that Defendant Gershkovich was ordered to "stop all pedicabs" belies their claim that the policy and practice was not pursuant to uniform procedure or objective standard and was based only on the inspector's arbitrary discretion.   To the contrary, an order to "stop all pedicabs" is nondiscriminatory and nondiscretionary.  People v. Scott, 63 N.Y.2d 518 (1984); People v. Serrano, 233 A.D.2d 170 (1st Dep't 1996).  Therefore, Plaintiffs' Fourth Amendment Claims fail as a matter of law.

## POINT II

### PLAINTIFFS' FOURTEENTH AMENDMENT CLAIMS MUST BE DISMISSED

Plaintiffs only conclusory allege that pedicab drivers are stopped and ticketed in violation of the Equal Protection Clause and therefore their Fourteenth Amendment claims also fail to satisfy the standards set forth in Iqbal and Twombly.  While it is difficult to discern how Plaintiffs allege that their Fourteenth Amendment rights were violated, for the purposes of this motion, City Defendants will interpret their naked assertions that they were denied Equal Protection as a Fourteenth Amendment "class of one" claim.

To sufficiently allege a "class of one" violation of the Equal Protection Clause, Plaintiffs must show, "(1) intentional disparate treatment, (2) from other similarly situated individuals, (3) without a rational basis for the difference in treatment, and (4) without otherwise

claiming membership in a particular **class** or group." <u>Witt v. Vill. of Mamaroneck</u>, 2015 U.S.

Dist. LEXIS 39669 (S.D.N.Y. 2015) citing <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562 (2000).

The "similarly situated" requirement is a strict one. Plaintiffs must show that,

> ...(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake. <u>Clubside Inc. v. Valentin</u>, 468 F.3d 144, 159 (2d Cir. 2006).

Essentially, they must be "prima facie identical" <u>Neilson v. D'Angelis</u>, 409 F.3d 100 (2d Cir.

2005) citing <u>Purze v. Winthrop Harbor</u>, 286 F.3d 452 (7th Cir. 2002).

Plaintiffs do not allege that they are similarly situated to others. The only other group even mentioned in the Amended Complaint, although only briefly at paragraph 53, is "automobile taxicabs." Plaintiffs, however, make no allegation that taxicabs and pedicabs are similarly situated. In fact, Plaintiffs even highlight one of the many distinctions between them at paragraph 53 in which it is noted that taxicabs have gasoline-powered engines, unlike pedicabs. Other distinctions include the fact that the structure of a pedicab does not provide the same protection to its passengers as taxicabs do; pedicabs are regulated by DCA while taxicabs are regulated by the Taxi and Limousine Commission; and taxicabs are governed by different sections of the Motor Vehicle Law than pedicabs. Suffice it to say, it is clearly evident that "automobile taxicabs" are not similarly situated to pedicabs. Accordingly, Plaintiffs' Equal Protection Claim must be dismissed. See <u>Witt v. Vill. of Mamaroneck</u> U.S. Dist. LEXIS 39669 (S.D.N.Y 2015).

Even if Plaintiffs alleged that their pedicabs are similarly situated and if the Court finds Pedicabs and taxicabs to be sufficiently similar, a rational basis exists for the difference in

treatment.   As alleged in the Amended Complaint, city officials claimed that, "Pedicabs are creating hazardous conditions in high traffic areas." Exhibit "B" at ¶6.  It is entirely rational that pedicabs, which do not provide the safe structure for its passengers that automobiles do but yet occupy the same streets as automobiles, in a congested city such as New York, would require safety checks distinct from automobiles.

## POINT III

### PLAINTIFFS'   MUNICIPAL   LIABILITY CLAIMS FAIL

In the instant case, the Amended Complaint purports to allege that the City is liable pursuant to 42 U.S.C § 1983 for violations of Plaintiffs' Fourth and Fourteenth Amendment rights resulting from the stopping and ticketing of their pedicabs without reasonable suspicion or probable cause in an effort to drive pedicabs out of business.   Defendants respectfully contend that Plaintiffs have failed to set forth a constitutional violation, and as such, the Plaintiffs' claims for municipal liability fail as a matter of law.  See Points I through II, supra, see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that his constitutional rights were violated by a City actor, then there cannot be Monell liability); Easton v. City of New York, 05 CV 1873 (FB)(JMA) U.S. Dist. LEXIS 53519 at *14-15 (E.D.N.Y June 23, 2009) ("Where a municipal liability claim is based solely on the actions of a municipality's officers, as it is here, the claim must fail if the individual defendants have not violated the plaintiff's constitutional rights").

Moreover, the Amended Complaint is bereft of any factual content sufficient to state a claim for relief.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted.)

While the Amended Complaint appears to allege that a custom or policy existed based on a failure to train or supervise City personnel regarding the ticketing of pedicabs, the Amended Complaint is devoid of any specifics as to such custom or policy.  Mere conclusory assertions of the existence of a custom or policy are insufficient to make out a claim under Monell.  Tieman v. City of Newburgh, 2015 U.S. Dist. LEXIS 38703 (S.D.N.Y 2015); Triano v. Town of Harrison, 895 F. Supp. 2d 526, 535; Gonzalez v. City of New York, 2015 U.S. Dist. LEXIS 15180; Simms v. The City of New York, 480 Fed. Appx. 627 (2d Cir. 2012); Scalpi v. Town of East Fishkill, 2016 U.S. Dist. LEXIS 24697 (S.D.N.Y. 2016).  Post Iqbal, boilerplate allegations that a municipality failed to properly train or supervise employees is insufficient to set forth a plausible claim against the City pursuant to 42 U.S.C. § 1983.  See Simms v. City of New York, 2011 U.S. Dist. LEXIS 115949 (E.D.N.Y. 2011) aff'd 480 F. App''x 627 (2d Cir. 2012).

Furthermore, even a single incident of alleged misconduct is typically insufficient to establish municipal liability.  See Dyno v. Village of Johnson City, 240 Fed. Appx. 432, 434, 2007 U.S. App. LEXIS 12283 (2d Cir. 2007) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).  The Amended Complaint contains a single factual allegation at paragraphs 45 through 47 that Defendant Gershkovich, a DCA Inspector, stopped Plaintiff Camera without reasonable suspicion.  It is not alleged that defendant Gershkovich or his unnamed supervisor were policy makers.  "Monell liability does not derive from individual incidents of wrongdoing by non-policymakers."  Treadwell v. County of Putnam, 2016 U.S. Dist. LEXIS 44335 at 11 (S.D.N.Y. 2016).  Accordingly, Plaintiffs have failed to sufficiently plead a claim for municipal liability.

Finally, to the extent that Plaintiffs allege acts by City Defendants that were not part of an official policy, their § 1983 claim against the City must fail.  In order to prevail on their § 1983 claims, the Plaintiffs must show that they were denied a constitutional or federal statutory right and that the deprivation occurred under color of state law.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  As explained in Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978), a plaintiff seeking to pursue a § 1983 claim against the City of New York must prove a municipal policy, custom, or practice to which a violation of his or her rights is attributable.  See also Shomo v. City of New York, 2009 U.S. App. LEXIS 23076, *18 (2d Cir. 2009); Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991).

It is well-understood that a municipality cannot be held liable in a § 1983 action for the alleged unconstitutional acts or misfeasance of its employees under a theory of respondeat superior.  See Monell at 691; Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  Instead, a causal link between the alleged violation and the municipal policy, custom, or practice must be established.  Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985)).  A plaintiff must show that the City, through its deliberate conduct, was the "moving force" behind the alleged injury.  Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008) (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

## POINT IV

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DE BLASIO, MENIN, SILVER AND BRATTON IN THEIR OFFICIAL CAPACITIES

An action against the Defendants de Blasio, Menin, Silver and Bratton, in their official capacities must be treated as an action against the City. Coon v. Town of Springfield, 404 F.3d 683 (2d Cir. 2005)(citing Brandon v. Holt, 469 U.S. 464, 471-73.) Accordingly, as the First Amended Complaint fails to state a claim against the City, for the reasons set forth above, the First Amended Complaint consequently fails to state a claim as to the Mayor and agency commissioners in their official capacities.

## POINT V

### PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AGAINST ALL OF THE DEFENDANTS NAMED IN THEIR INDIVIDUAL CAPACITIES MUST BE DISMISSED BECAUSE THEY FAIL TO SUFFICIENTLY ALLEGE THEIR PERSONAL INVOLVEMENT

The Complaint fails to state a claim against all of the Defendants named in their individual capacities in that it fails to sufficiently allege their personal involvement. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133 (2d Cir. 2013); Shomo v. City of New York, 2009 U.S. App. LEXIS 23076, *17 (2d Cir. 2009); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

12

**A.     Plaintiffs fail to state a claim against de Blasio, Menin, Silver and Bratton**

At no point in the Amended Complaint do the Plaintiffs allege facts that Defendants de Blasio, Bratton, Silver or Menin were personally involved in any aspect of the pedicab ticketing procedures that are at issue in this case. It appears, however, that Plaintiffs are claiming that Defendants de Blasio, Menin, Silver and Bratton are liable in their individual capacities under the theory of supervisory liability. As set forth below, the Defendants de Blasio, Menin, Silver and Bratton were not personally involved in any purported constitutional violations, and because, as set forth in Point III supra, Plaintiffs have failed to state a claim for municipal liability, there can be no claim for supervisory liability as against it. Accordingly, Plaintiffs' claims against Defendants de Blasio, Menin, Silver and Bratton must be dismissed.

To state a claim under 42 U.S.C. § 1983, Plaintiffs must show (1) that the conduct in question deprived them of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and (2) that the acts were attributable in part to a person acting under color of state law. See Dwares, 985 F.2d at 98. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotations and citations omitted).

Moreover, allegations against high-ranking officials, such as the Mayor and agency commissioners, are routinely dismissed where a plaintiff fails to allege personal involvement on behalf of that official. Jackson v. County of Nassau, 07 CV 0245 (JFB) (AKT),

13

2009 U.S. Dist. LEXIS 11547, *7-10 (E.D.N.Y. Feb. 13, 2009) (denying leave to amend to name Nassau County Police Commissioner as a defendant where complaint was "devoid of specific factual allegations" against him); Barrington v. Johnson, 06 Civ. 2234 (SAS), 2006 U.S. Dist. LEXIS 86354, *5-6 (S.D.N.Y. Nov. 27, 2006) (dismissing claims against Commissioner Kelly where complaint failed to allege that he was personally involved in the constitutional violation holding that "[t]he mere fact that one defendant is . . . the Police Commissioner is insufficient to support a finding of personal involvement."); Washington Square Post No. 1212 v. City of New York, 720 F. Supp. 337, 345-47 (S.D.N.Y. 1989), rev'd on other grounds, 907 F.2d 1288 (2d Cir. 1990).

Here, Plaintiffs base their claims against the Defendants de Blasio, Menin, Silver and Bratton solely on their positions of authority and make no specific factual allegations whatsoever as to any involvement in the underlying incidents. Their positions of authority are insufficient to sustain liability under 42 U.S.C. § 1983. Black v. Coughlin, 76 F.3d 72 (2d Cir. N.Y. 1996) ("[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority.") (citations omitted).

Moreover, as set forth in Points I through IV, supra, Plaintiffs have failed to state a claim for any constitutional violation or municipal liability, and accordingly, in the absence of any of the same, they cannot sustain a claim for supervisory liability as against Defendants de Blasio, Menin, Silver and Bratton. See, e.g., Williams v. City of New York, 14 Civ. 5123 (NRB), 2015 U.S. Dist. LEXIS 94895, *18-19 (S.D.N.Y. July 21, 2015) (dismissing plaintiff's claims for supervisory liability holding "[a]s discussed above, plaintiff has failed to plausibly allege the existence of an unconstitutional NYPD policy or custom. A fortiori, plaintiff has

failed to plead that Kelly created or continued any such policy.  Along the same lines, plaintiff has failed to plead any manner in which Kelly failed to train NYPD officers."); <u>Blyden v. Mancusi</u>, 186 F.3d 252, 265 (2d. Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").  Accordingly, Defendants respectfully contend that Plaintiffs' claims against Defendants de Blasio, Menin, Silver and Bratton fail as a matter of law, and must be dismissed.

**B.**      **Plaintiffs fail to state a claim against Inspector Gershkovich**

As to Defendant Gershkovich, the Amended Complaint contains only non-sensical allegations concerning him at paragraph 36 and bare assertions lacking any factual specificity at paragraphs 45 through 47, which, as such, are insufficient to state a claim under Fed. R. Civ. P. Rule 8.  <u>Iqbal</u>, 556 U.S. 662.

**POINT VI**

**DEFENDANT GERSHKOVICH IS ENTITLED
TO QUALIFIED IMMUNITY**

Even assuming the Amended Complaint does assert sufficient facts to support a claim against him, Inspector Gershkovich is protected by the doctrine of qualified immunity. <u>Bradway v. Gonzales</u>, 26 F.3d 313 (2d Cir. 1994).  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009).  The defense of qualified immunity should be resolved at the earliest possible stage of the litigation. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001); see also <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n.6 (1987) (concluding that "qualified immunity questions should be resolved at the earliest possible stages of litigation," either in a motion to dismiss or in a motion for summary judgment); <u>Malley v. Briggs</u>, 475 U.S.

15

335, 341 (1986) (qualified immunity should be summarily judged if the officer was not on notice that his conduct would be clearly unlawful).  City Defendants are entitled to qualified immunity if either (a) their actions did not violate clearly established law, or (b) it was objectively reasonable for them to believe that their actions did not violate clearly established law.  Batson-Kirk v. City of New York, 07 CV 1950 (KAM) (JMA), 2009 U.S. Dist. LEXIS 44841, *27 (E.D.N.Y. May 28, 2009).

For the purposes of the defense of qualified immunity, the Court need only consider those facts that were actually available to Inspector Gershkovich or could reasonably have been perceived by him, at the moment he engaged in the challenged conduct.  Lowth v. Town of Cheektowaga, 82 F.3d 563, 567 (2d Cir. 1996).  Inspector Gershkovich's stop of Plaintiff Camer's pedicab pursuant to a direction to "stop all pedicabs" in accordance with a compliance inspection was not only entirely lawful but also objectively reasonable, thus entitling Inspector Gershkovich to qualified immunity.

As Inspector Gershkovich testified at the administrative hearing, on September 14, 2013 he was conducting compliance inspections of pedicabs in Central Park together with other DCA inspectors, Parks Department personnel and NYPD officers.  He was directed to conduct the compliance inspections on that day by his supervisors at DCA.  Exhibit "A" at pp. 38, 69.  They were conducting the compliance inspections of pedicabs because pedicabs are licensed by DCA and they conduct compliance inspections of all businesses who are licensed by DCA.  Exhibit "A" at p. 46.  Inspector Gershkovich had conducted such inspections in Central Park at least one other time, as well as outside of Central Park on other occasions.  Exhibit "A" at p. 46-47.  He had attended training sessions on how to inspect pedicabs and conducted the inspections using a checklist that was provided to him.  Exhibit "A" at p. 59-61.

16

In stopping Plaintiff Bourama on September 14, 2013, not only did Inspector Gershkovich not violate any clearly established laws, but even if he did, it was objectively reasonable for him to believe that his actions did not violate any established laws given his history of conducting such inspections and the direction and training he had been given by DCA to do so.  Accordingly, as his actions were within the reasonable scope of his duties as a DCA Inspector, Inspector Gershkovich is protected by qualified immunity.  <u>Knoeffler v. Town of Mamakating</u>, 87 F. Supp. 2d 322 (S.D.N.Y. 2000).

## POINT VII

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DCA, THE PARKS DEPARTMENT AND NYPD

New York City Charter § 396 sets forth very clearly that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York, and not in that of any agency, except where otherwise provided by law."  In addition, with regard to actions commenced pursuant to § 1983, the Second Circuit Court of Appeals has explicitly noted that "[i]t is well settled in this court that as a general matter, agencies of New York City are not suable entities in § 1983 actions."  <u>Nnebe v. Daus</u>, 644 F.3d 147, 158 n. 7 (2d Cir. 2011) (citing <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n. 19 (2d Cir. 2007)).  Accordingly, the naming of DCA, NYPD and the Parks Department as defendants is improper.

## POINT VIII

### THE COMPLAINT IS, IN PART, TIME-BARRED

The applicable statute of limitations for actions brought in New York pursuant to § 1983 is three years.  <u>Sherrard v. City of New York</u>, 2016 U.S. Dist. LEXIS 51044 (S.D.N.Y.

2016).    Accordingly, Plaintiff is time-barred from challenging any alleged constitutional violations arising from the stopping of pedicabs prior to March 15, 2013.

## POINT IX

### THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

For the reasons set forth above, Defendants respectfully request that in the event each of Plaintiffs' Federal claims are dismissed, any purported corresponding State law claims be dismissed as well.  Moreover, to the extent any of Plaintiffs' purported State law claims survive dismissal, City Defendants respectfully request that the Court decline to exercise supplemental jurisdiction over them.

## POINT X

### PLAINTIFFS' CHALLENGE TO THE "REGULATION OF PEDICABS" MUST BE DISMISSED

Plaintiffs allege that the regulation of pedicabs violates New York State Law. Plaintiffs, however, fail to specify which regulations of pedicabs they are challenging and which New York State law they allegedly violate.  Accordingly, Plaintiffs' claim that the regulation of pedicabs violates New York State law is insufficient to state a claim under Fed. R. Civ. P. Rule 8 and must be dismissed.  Iqbal, 556 U.S. 662.

Additionally, assuming *arguendo*, that Plaintiffs' challenge of the "regulations" was sufficiently pleaded, to the extent that they are challenging the regulation of pedicabs set forth in the Rules of the City of New York, added in 2007, the claim is time-barred.

It is well-settled that challenges to quasi-legislative acts such as the promulgation of rules by an administrative agency -  whether statutory or constitutional - should be brought pursuant to CPLR Article 78.  See NY City Health & Hospitals Corp. v. McBarnette, 84 N.Y.2d

194 (1994) (holding that regulations promulgated by State administrative agency is a quasi-legislative act and should be reviewed in a CPLR Article 78 proceeding); <u>Stony Point v. State of NY Dep't of Finance</u>, 107 A.D.3d 1217 (3d Dep't 2013) (holding that "[p]etitioners' constitutional and statutory challenges to the validity of 9 NYCRR former 186-5.5 are attacks upon 'a quasi-legislative act or decision made by an administrative agency' that are properly advanced in a CPLR article 78 proceeding"); <u>Via Health Home Care v. NY State Dep't of Health</u>, 33 A.D.3d 1100 (3d Dep't 2006) (holding that a challenge to the validity of the State's regulations governing the Medical recoupment process should have been advanced in a CPLR Article 78 proceeding, which has a four-month limitations period). Such challenges are subject to a four-month statute of limitations. New York Civil Practic Law and Rules ("CPLR") § 217; <u>Fed'n of Mental Health Ctrs. V. DeBuono</u>, 275 A.D.2d 557 (3rd Dep't 2000). Therefore, since the regulations in question were added in 2007, Plaintiffs are time-barred.

Additionally, to the extent Plaintiffs are alleging that the manner in which the regulations were enforced against them was arbitrary and capricious, their remedy is an Article 78 proceeding in which they are again bound by a four-month statute of limitations. CPLR §§217, 7801 <u>et seq</u>. As the only violations issued to Plaintiffs that are referred to in the Amended Complaint were issued in 2013, Plaintiffs are now time-barred from challenging them. <u>See</u> Exhibit "B" at ¶¶45, 59 and 63.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their motion to dismiss and dismiss the action it its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             October 12, 2016

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
Attorney for City Defendants
100 Church Street, Room 5-164
New York, New York 10007
(212) 356-2214

By:                       
    KERRI A. DEVINE
    Assistant Corporation Counsel